# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 09-cv-00614-REB

RICHARD ALAN GEIST,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed March 20, 2009, seeking review of the Commissioner's decision denying plaintiff's claim for child's insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was found disabled on the basis of a hearing impairment in 1983 and receives disability insurance benefits based on his own earnings. In 2006, he filed an application for child's insurance benefits based on the earnings of his deceased father. In this regard, plaintiff alleged that he became disabled on March 31, 1977, shortly before his 22nd birthday. After his application for child's insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on December 13, 2007. At the time of the hearing, plaintiff was 53 years old. He has a

college education plus vocational training in auto body work and past relevant work experience in the auto body repair industry.

The ALJ found that plaintiff was not disabled prior to age 22 and therefore not entitled to child's insurance benefits. The ALJ found that plaintiff had engaged in substantial gainful activity within seven months of his alleged date of onset and within six months of his 22nd birthday, and therefore did suffer from an impairment prior to age 22 that could be expected to last at least twelve months. Alternatively, the ALJ found that although the medical evidence established that plaintiff suffered from severe impairments, the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that at the relevant time, plaintiff had the residual functional capacity to perform light work with postural and environmental limitations. Although the ALJ did not determine whether this finding would have precluded plaintiff's past relevant work, he nevertheless proceeded to the final step of the sequential evaluation process to find that there were other jobs existing in significant numbers in the national and local economies that plaintiff could have performed within those limitations. He therefore found plaintiff not disabled at every step of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

Under the Social Security Act, an unmarried, dependent child is entitled to benefits based on the earnings record of an insured parent or step-parent. 42 U.S.C. § 402(d)(1)(C); 20 C.F.R. § 404.350(a). Child's benefits are payable, *inter alia*, if the child himself was disabled before his 22nd birthday. 42 U.S.C. § 402(d)(1)(B)(ii); 20 C.F.R. § 404.350(a)(5). A person is disabled within the meaning of the Social Security Act only if

his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

In determining whether the child was under a disability after age 18 but prior to age 22,[1] the Commissioner relies on the same five-step sequential evaluation process used to determine disability in adults, **see Ahearn v. Astrue**, 2010 WL 653712 at *3 (N.D.N.Y. Feb. 22, 2010):

    1.    The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

    2.    The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

---

[1] A child under the age of 18 is considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(C)(i). Because plaintiff here alleged that he became disabled after age 18, this standard, and the attendant modified sequential evaluation process, are not applicable.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

As with an adult disability determination, review of the Commissioner's decision regarding child's insurance benefits is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553,

556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred at each step of the sequential evaluation process. Because I find that the ALJ's adverse finding at step one wholly adequate to support his disability determination, I do not consider plaintiff's arguments regarding alleged errors at the other steps in the process. ***See Casias***, 933 F.2d at 801 (determination that claimant is not disabled at any step in the sequential evaluation is dispositive).

For purposes of receiving child's benefits, plaintiff was required to prove that he was disabled prior to attaining age 22, that is, on the day before is 22nd birthday, in this case, April 23, 1976. 42 U.S.C. § 402.(d)(1)(B)(ii). Plaintiff alleged he became disabled on March 31, 1976, barely three weeks before this deadline. However, the evidence showed, and plaintiff does not dispute, that he began working as a helper in an auto body shop on October 16, 1976, less than six months after his 22nd birthday. He worked in that job through April 15, 1977, just over six months (181 days). (Tr. 13, 15, 149.) The question presented is whether this work constituted "substantial gainful activity" under the Commissioner's regulations. I find that the ALJ did not err in concluding that it did.

Substantial gainful activity is defined, somewhat tautologically, as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities," and may

5

include part-time work. *Id.* § 404.1572(a). "Gainful work activity is work activity that [is done] for pay or profit" and includes any "kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b). Substantial gainful activity generally does not include non-work activity. *Id.* § 404.1572(c).

The Commissioner has prescribed guidelines to further substantiate the definition of substantial gainful activity. *See id.* § 404.1574. Earnings from work are the primary parameter by which substantial gainful activity is measured. *Id.* § 404.1574(a); *see also Fowler v. Bowen*, 876 F.2d 1451, 1454 n.3 (10th Cir. 1989); *Hedge v. Richardson*, 458 F.2d 1065, 1067-68 (10th Cir. 1972). The Commissioner has promulgated a table establishing average monthly earnings in different calendar years, or ranges of years, that presumptively constitute substantial gainful activity. For calendar year 1976, this figure was $230 per month. For calendar year 1977, it was $240 per month. *See* 20 C.F.R. §404.1574(b)(2)(i).

Plaintiff earned a total of $2,980.68 from his work at the auto body shop in 1976-1977, an average of $469.78 per month, well beyond the presumptive amounts set forth in the regulations. Although the presumption raised by the regulations is rebuttable, *Franco v. Chater*, 1996 WL 559641 at *1 (10th Cir. Oct. 2, 1996), plaintiff presented no evidence suggesting, and does not argue here, that any of these earnings were not directly related to his productivity in that, for example, he required close and continuous supervision or help from co-workers to do simple tasks, worked only for brief periods of time, was excessively absent, or was otherwise paid more than the value of his services, *see* 20 C.F.R. § 404.1574(a)(2); *Franco*, 1996 WL 559641 at *2. Clearly, then, the ALJ did not err in finding that this work constituted substantial gainful activity. *See Fowler*, 876 F.2d at 1453 n.3 (in absence of evidence beyond earnings,

6

determination of substantial gainful activity may be made solely on basis of regulatory earning standards).

Although plaintiff argues that his work after age 22 should not have been used to determine disability prior to age 22, there was no error in this regard, either. That plaintiff performed substantial gainful activity within six months of his 22nd birthday clearly negates a finding that his impairments could have been expected to last for the requisite twelve-month period that establishes disability under the Act. 42 U.S.C. § 423(d)(1)(A); *see also Barnhart v. Wilson*, 523 U.S. 212, 219-20, 122 S.Ct. 1265, 1270-21, 152 L.Ed.2d 330 (2002). (*See* Tr. 15.) Moreover, the be entitled to child's insurance benefits, a claimant must prove that his disability was continuous and uninterrupted from age 22 through the date of his application. **See Social Security Ruling 85-5c**, 1985 WL 56864 at *2 (SSA 1985); **Social Security Ruling 80-4c**, 1980 WL 18817 at *2-3 (SSA 1980); Program Operations Manual System ("POMS"), *Work Activity and Childhood Disability Benefit (CDB) Entitlement*, DI 10115.022(B)(1) (available at https://secure.ssa.gov/ apps10/poms.nsf/lnx/0410115022) (last accessed September 17, 2010).[2] The federal courts have consistently upheld this interpretation of the Act and its implementing regulations. ***See, e.g.***, ***Miracle v. Barnhart***, 187 Fed. Appx. 870, 871 n.1 (10th Cir. July 5, 2006); ***Beasich v. Commissioner of Social***

---

[2] Social Security Rulings "constitute Social Security Administration interpretations of its own regulations and the statute which it administers." ***Walker v. Secretary of Health & Human Services***, 943 F.2d 1257, 1259 (10th Cir. 1991). Although binding on the ALJ, they do not have the force and effect of law. *Id.* The POMS, which sets forth "publicly available operating instructions of processing Social Security claims," ***Washington State Department of Social and Health Services v. Guardianship Estates of Keffeler***, 537 U.S. 371, 385, 123 S.Ct. 1017,1025, 154 L.Ed.2d 972 (2003), is not binding on the Commissioner, *see Bronstein v. Apfel*, 158 F.Supp.2d 1208, 1210 n.1 (D. Colo. 2001). Nevertheless, before this court, the Commissioner's interpretations of the statutes and regulations he administers are entitled to "controlling weight unless [they are] arbitrary, capricious, or contrary to law." ***Neikirk v. Massanari***, 2001 WL 776812 at * 2 (10th Cir. July 11, 2001) (quoting ***McNamar v. Apfel***, 172 F.3d 764, 767 (10th Cir. 1999)) (internal quotation marks omitted). *See also Walker*, 943 F.2d at 1259-60 (SSRs "entitled to deference except when they are plainly erroneous or inconsistent with the Act").

*Security*, 66 Fed. Appx. 419, 421 (3rd Cir. June 6, 2003); ***Suarez v. Secretary of Health and Human Services***, 755 F.2d 1, 2 (1st Cir.), **cert. denied**, 106 S.Ct. 133 (1985); ***Anderson v. Heckler***, 726 F.2d 455, 456 (8th Cir. 1984); ***Reyes v. Secretary of Health, Education and Welfare***, 476 F.2d 910, 914 n.5 (D.C. Cir. 1973).[3] Thus, the performance of substantial gainful activity at any point between age 22 and the date the application for child's insurance benefits interrupts the required continuity and necessarily negates a claim to such benefits.

To the extent plaintiff's related argument regarding unsuccessful work attempts is directed specifically to this particular, and particularly salient, determination regarding his work in 1976-1977, it misses the mark. Although work that constitutes an unsuccessful work attempt will not show the ability to perform substantial gainful activity, 20 C.F.R. § 404.1574(c)(1), work that lasted between three and six months is considered an unsuccessful work attempt only

> if it ended, or was reduced below substantial gainful activity earnings level, within 6 months because of your impairment or because of the removal of special conditions which took into account your impairment and permitted you to work and
> –

---

[3] As the ***Suarez*** court noted, the legislative history and purposes of this section of the Social Security Act support this interpretation:

> Senate Report No. 2133 mentions recognition of "the situation faced by people who have the care of a child who because of mental deficiency *never* grows up, or who because of a physical impairment requires constant care *throughout his life*." 84th Cong., 2nd Sess. 2, **reprinted in** 1956 U.S. Cong. & Ad. News 3877, 3881 (emphas[e]s added). Likewise, after discussing ways in which childhood disability could be established, the Report concludes that "the difficulty involved in determining that he was totally disabled before age 18 [now 22] and *has remained so* will not be substantial." *Id.* at 3882 (emphasis added). The Report thereafter refers to the child as being "permanently and totally disabled since before he reached" the critical age, now 22. *Id.* at 3877; so also does the House Report. H.R. Rep. No. 1189, 84th Cong., 2nd Sess. 2, at 8, 24-25.

***Suarez***, 755 F.2d at 3. **See also *Reyes***, 476 F.2d at 914 n.5.

8

> (i) You were frequently absent from work because of your
> impairment;
>
> (ii) Your work was unsatisfactory because of your impairment;
>
> (iii) You worked during a period of temporary remission of
> your impairment; or
>
> (iv) You worked under special conditions that were essential
> to your performance and these conditions were removed.

*Id.* § 404.1574(c)(4).[4] As the ALJ noted, nothing in the record supports a conclusion that any of these conditions obtained in plaintiff's case, and plaintiff has pointed to nothing on appeal that might suggest otherwise. (Tr. 13.) Because plaintiff's work in 1976-1977 constituted substantial gainful activity, which was sufficient in itself to support the conclusion that he was not disabled during the relevant period, the ALJ was not required to consider whether any of plaintiff's subsequent jobs might have constituted unsuccessful work attempts.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not entitled to mother's benefits is **AFFIRMED**.

Dated September 20, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[4] Substantial gainful activity that exceeded six months' duration is not considered an unsuccessful work attempt "regardless of why it ended or was reduced below the substantial gainful activity earnings level." 20 C.F.R. § 404.1574(c)(5). Technically, plaintiff's work in 1976-1977 exceeded six months, albeit by a single day. The ALJ therefore arguably gave plaintiff the benefit of the doubt in applying the more lenient criteria applicable to work activity lasting three to six months.

9